## First Department, June, 1969

### (June 3, 1969)

■ Chase Manhattan Bank, Appellant, v. Syosset Development Corp., Respondent.— So much of the judgment entered September 6, 1968 appealed from as awards plaintiff the sum of $6,172.71, the amount found to be admittedly outstanding on the contract, is modified on the law and the facts so as to include appropriate interest on that sum, and as so modified, that part of the cause of action is severed, and the judgment granted thereon is affirmed. (CPLR 5012.) The remaining claims of plaintiff are remitted to the Justice at Trial Term, by whom the case was heard, for a further determination as to (a) the sums paid into the joint checking account by defendant after notice in writing of the assignment and (b) the sums diverted in favor of employees working on the so-called "professional building," after receipt of notice by defendant of the assignment in favor of the bank, and for the entry of an appropriate judgment consistent with the facts so found, together with interest and one bill of costs and disbursements to plaintiff. Costs and disbursements on this appeal are to abide the event. Any sums paid into the joint checking account after notice in writing to the defendant of the assignment are properly payable to plaintiff. The bank as assignee would be entitled to receive any sums paid — not in excess of the sums so deposited — to or for the benefit of the "professional building", but which in fact were attributed to the "office building", then completed. Such payments were clearly improper. Upon the present record no computation of such sums can be made by this court, and a remand is consequently necessary. Plaintiff is patently entitled to interest on the amounts which are adjudged to be due it. However there should be only one bill of costs and disbursements on the severed judgment and the one which will be entered following a determination on the remand ordered herein. Concur — Stevens, P. J., McGivern, Nunez and McNally, JJ.; Eager, J., concurs in the result in the following memorandum: I concur in result only. Although in my opinion there is evidence tending to support a recovery by plaintiff of moneys claimed to have been diverted from the "office building" joint account, I concur in a remission of the matter to the trial court. This will serve the interests of justice. However, I would not limit the parties in the matter of presenting further relevant proofs having a bearing upon a right of recovery of such sums; nor would I limit the Trial Justice to a determination of particular issues or facts. Furthermore, under the circumstances, the trial justice should set forth detailed findings supporting his ultimate conclusions.